HAMPTON et al. v. UNITED STATES.

(Circuit Court, E. D. Pennsylvania. May 19, 1902.)

CUSTOMS DUTIES—CLASSIFICATION—IRON SHEETS.

> Sheets of iron or steel valued at more than 3 cents per pound are not covered by paragraph 142 of the tariff act of 1890, but are dutiable, according to value, under paragraph 215, as manufactures of metal not specially provided for. They are not subject to the additional rate imposed by paragraph 144 when pickled or cleaned; such paragraph being applicable only to sheets dutiable by gauge under paragraph 142.

Appeal by Importer from Decision of the Board of General Appraisers.

J. W. Hampton, Jr., for plaintiff.
J. W. Thompson and James B. Holland, for the United States.

J. B. McPHERSON, District Judge. This is an appeal by the importer from the following decision of the board of general appraisers:

"The merchandise in question consists of common black iron sheets of No. 19 wire gauge, valued above 3 cents per pound, and has been pickled. It was returned by the local appraiser as 'iron sheets (as mfs. iron) pickled and cleaned,' and duty was assessed thereon at the rate of 45 per cent. ad valorem and ¼ of one cent per pound, under the provisions of paragraphs 215 and 144 of the act of October 1, 1890. The importers claim that said merchandise is properly dutiable at the rate of one cent per pound and one-fourth of one cent per pound additional, under the provisions of paragraphs 142 and 144 of said act.

"It is unnecessary, in view of our ruling in G. A. 4899, to discuss the question as to whether, in view of the fact that these sheets have been pickled or cleaned, they are dutiable under the provisions of paragraph 142 by reason of the provisions of paragraph 144, for, as was said in that case, which arose under the act of 1897:

" 'It must also be observed that paragraph 131 [corresponding to paragraph 142 of the act of 1890] is limited only to such iron or steel plates or sheets as are not valued at more than 3 cents per pound, and that the merchandise before us is valued above that figure, and, as the two provisions must be read together, no merchandise valued at more than 3 cents per pound is covered by them.'

"That ruling followed the ruling previously laid down in G. A. 430, and modified the ruling laid down in G. A. 960. These importers raise the point that the limitation of 3 cents per pound in paragraph 142 applies only to skelp iron or steel, and that therefore, as the merchandise before us is not skelp iron or steel, the limitation as to value does not apply. We do not consider the point well taken. The paragraph reads:

" '142. Sheets of iron or steel, common or black, including all iron or steel commercially known as common or black taggers iron or steel, and

skelp iron or steel, valued at three cents per pound or less: Thinner than number ten and not thinner than number twenty wire gauge, one cent per pound: thinner than number twenty wire gauge,' etc.

"This language clearly shows that congress intended to apply the 3-cent limitation to all of the articles mentioned, for, if the importers' contention were correct, it could be argued with equal force that all of the paragraph which follows after the provision for skelp iron or steel applies only to that class of merchandise, and this contention would render the paragraph meaningless.

"For the foregoing reasons, we hold that the merchandise does not come within the language of paragraph 142, and, not being otherwise provided for, is dutiable at the rate of 45 per cent. ad valorem as manufactures of metal not specially provided for, under paragraph 215. As was held by the board in G. A. 4899, however, paragraph 144 can cover only such goods as are dutiable by gauge, and the addition of ¼ of one cent per pound was, therefore, erroneous; but this claim was not made by the importers, the assessment of ¼ of one cent additional not being disputed.

"The protest is overruled, the collector's decision being affirmed as to the assessment of 45 per cent., but not as to the assessment of ¼ cent per pound additional."

I agree with the correctness of this conclusion, and adopt the opinion of the board as the opinion of this court.

The decision of the board of general appraisers is accordingly affirmed.